# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term
### Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 16-** |
| | : | |
| **v.** | : | **Grand Jury Original** |
| | : | |
| | : | **18 U.S.C. § 371 (Conspiracy);** |
| **DAVID T. JOHNSON** | : | **18 U.S.C. § 1344(1) and (2) (Bank Fraud);** |
| | : | **18 U.S.C. § 1343 (Wire Fraud);** |
| | : | **18 U.S.C. § 1957 (Monetary Transactions);** |
| | : | **18 U.S.C. § 1001(a)(2) (False Statements);** |
| **Defendant.** | : | **18 U.S.C. § 2 (Aiding and Abetting and** |
| | : | **Causing an Act to be Done);** |
| | : | **22 D.C. Code §§ 3241(b) and 3242(a)** |
| | : | **(Uttering a Forged Instrument);** |
| | : | **Criminal Forfeiture:** |
| | : | **18 U.S.C. § 981(a)(2)(A) and** |
| | : | **21 U.S.C. § 853(p).** |

## I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

### (CONSPIRACY)

### Introduction

At all times material to this Indictment:

1.  SunTrust Mortgage, Inc. ("SunTrust Mortgage") was a mortgage lending business in that it financed debt secured by an interest in real estate, whose activities affected interstate and foreign commerce; as such, it was a financial institution pursuant to Title 18, United State Code, Section 20(10).  In addition, SunTrust Mortgage was a wholly-owned subsidiary of SunTrust Bank, which was a financial institution with deposits insured by the Federal Deposit Insurance

Corporation.  SunTrust Mortgage was in the business, among other things, of loaning money to individuals ("borrowers") to purchase residential real estate.

2.  If the borrower qualified for a mortgage loan, then the lending bank agreed to loan the money to use to buy the house on the condition that the individual pledge as security the purchased real estate.  The property served as collateral so that if the individual failed to pay the loan, the lending bank could foreclose on the mortgage and take title to the real estate to resell and recoup its losses.

3.  In order to preserve its option to foreclose on the mortgage loan, lending banks required the borrower to sign a Note and Deed of Trust, both of which would be filed in the public land records in the jurisdiction where the real estate was located, to serve as public notice that the lending bank held a "lien" on the property.  The Note was the borrower's promise to repay the loan to the lending bank, and the Deed of Trust was the public notice of the debt and the grant of authority to the lending bank to sell the property if the borrower failed to timely pay on the Note.

4.  The Note and Deed of Trust remained on the public land records unless and until the borrower repaid the mortgage loan in full.

5.  If the borrower repaid the loan, the lending bank would file a "Certificate of Satisfaction" in the public land records declaring that the borrower had repaid the loan and henceforth owned the property "free and clear" of any debt from the lending bank.  The Certificate of Satisfaction was signed by an individual authorized to speak for the lending bank, and the signature would be notarized.

6.  If the property were resold before the borrower paid the mortgage loan, the borrower's sales proceeds would be reduced by the amount the lending bank was owed as of the day of settlement.  The new buyer's lending bank required the existing mortgage to be paid in full

2

before agreeing to loan money to the new buyer so that there would be no other liens which could take precedence over the new lender's lien.

7. A "settlement" was a meeting where the buyer and the seller signed various loan documents (such as the Note and Deed of Trust) and legal documents transferring the property from the seller to the buyer (such as the Deed).  Settlements were conducted by a title and escrow company, whose job was to prepare the settlement documents as requested by the new buyer's mortgage lender, and to ensure that no other lien took precedence over the Deed of Trust signed by new buyer for the mortgage loan.  Title and escrow companies (either themselves or through a title abstractor) researched the public land records filed regarding the property for liens to determine, among other things, whether the property was pledged as collateral for any loan.

8. If the property were owned "free and clear" and a Certificate of Satisfaction were filed in the land records, then there would be no pre-existing mortgage to pay off, and the seller would receive the sales proceeds without being reduced by any loans.

### District of Columbia's Recorder of Deeds

9. If the property were located in the District of Columbia, then the lending bank's Note and Deed of Trust, and the Certificate of Satisfaction if the mortgage loan were repaid, would all be filed with the District of Columbia's Recorder of Deeds, the public land records for the District of Columbia.

10. The Recorder of Deeds was housed in a building located at 1101 4th Street, SW, Washington, DC.  Members of the public were allowed to file documents with the Recorder of Deeds during business hours, after signing a log with security at the front desk.  When signing the log, members of the public presented valid photo identifications, such as a driver's license, which were noted on the log.

11. Some documents filed with the Recorder of Deeds, such as Deeds, Notes, Deeds of Trust, and Certificates of Satisfaction, included an address to which the Recorder of Deeds staff was supposed to mail the original after recording, filing, and stamping the document.

12. Title companies and title abstractors relied upon the filings with the Recorder of Deeds to determine whether a property was encumbered by a mortgage loan.

### 123 57th Street, SE, Washington, DC

13. Veronica Washington purchased residential real estate located at 123 57th Street, SE, Washington, DC, ("123 57th Street, SE") on or about February 20, 2008. To buy the property, she obtained two mortgage loans for approximately $470,000 in total from SunTrust Mortgage.

14. By 2009, Veronica Washington had failed to maintain timely mortgage payments. In February 2010, Veronica Washington entered into a "Home Affordable Modification" trial period plan with SunTrust Mortgage in an attempt to clear the arrearages to her mortgage payments.

15. By May 2010, Veronica Washington was again behind on her mortgage payments, and on approximately May 7, 2010, a Notice of Foreclosure was filed with the Recorder of Deeds.

16. In April 2013, SunTrust Mortgage began the process of foreclosing on the mortgage and taking possession of the property at 123 57th Street, SE, for Veronica Washington's failure to make good and timely payments on the mortgage loans.

### The Conspiracy

17. From at least in or about the summer of 2013, and continuing thereafter through at least on or about December 31, 2013, in the District of Columbia and elsewhere, defendant DAVID T. JOHNSON did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree with Veronica Washington and other persons both known and unknown to the grand jury to

4

commit offenses against the United States, that is:

    a.    bank fraud, by engaging in a scheme to defraud and obtain money and property from a financial institution by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344(1) and (2);

    b.    wire fraud, by engaging in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and for the purpose of executing and attempting to execute the scheme to defraud, willfully causing an interstate wire transmission, in violation of 18 U.S.C. § 1343; and

    c.    monetary transactions, by engaging and attempting to engage in monetary transactions, by, through, and to a financial institution, and affecting interstate commerce in criminally derived property of a value greater than $10,000, that was derived from bank fraud and wire fraud, in violation of 18 U.S.C. § 1957.

## Goal of the Conspiracy

18. It was a goal of the conspiracy that defendant DAVID T. JOHNSON and his conspirators would steal approximately $337,000 from SunTrust Mortgage by using false and forged Certificates of Satisfaction to trick the title and escrow company into believing that the mortgages on 123 57th Street, SE, had been paid, allowing the conspirators to obtain money upon the sale of the property.

## Manner and Means

It was a part of the conspiracy that:

19. Sometime before October 2, 2013, the defendant DAVID T. JOHNSON caused the creation of two phony Certificates of Satisfaction which falsely represented that the two SunTrust Mortgage loans on 123 57th Street, SE, had been paid and that Veronica Washington owned the property "free and clear."

20. On or about October 2, 2013, in the District of Columbia, the defendant DAVID T. JOHNSON filed these two phony "Certificates of Satisfaction," with the Recorder of Deeds.

21. These fake Certificates of Satisfaction contained the forged signatures of someone purporting to be an individual authorized to sign for SunTrust Mortgage; in addition the Certificates of Satisfaction listed an address, to which the defendant DAVID T. JOHNSON had access, as the location for the Recorder of Deeds to mail the originals after recordation.

22. On or about November 10, 2013, Veronica Washington agreed to sell the property at 123 57th Street, SE, for $379,000, although at the time she owed in excess of $470,000 on the two mortgage loans she obtained from SunTrust Mortgage.

23. In or about December 2013, after the fake Certificates of Satisfaction allowed Veronica Washington to sell 123 57th Street, SE, without paying the outstanding mortgages, the conspirators caused the title and escrow company to wire the sales proceeds of $337,105.06, of which approximately $170,688 was obtained by the defendant DAVID T. JOHNSON.

## Overt Acts

24. In furtherance of the conspiracy and to effect the object thereof, defendant DAVID T. JOHNSON and other members of the conspiracy committed the following overt acts, among others, in the District of Columbia and elsewhere:

a. On or about October 2, 2013, in the District of Columbia, the defendant DAVID T. JOHNSON filed two fake and forged "Certificates of Satisfaction," with the Recorder of Deeds falsely representing that the SunTrust Mortgage loans on 123 57th Street, SE, had already been paid and that Veronica Washington owned the property "free and clear."

b. On or about November 10, 2013, Veronica Washington signed a contract agreeing to sell the property at 123 57th Street, SE, for $379,000.

c. On or about December 11, 2013, in the District of Columbia, Veronica Washington signed settlement documents at the title and escrow company's offices selling 123 57th

Street, SE, for a sales price of $379,000 and certifying that she owned the property free and clear of any mortgage.

d. On or about December 12, 2013, in the District of Columbia, the title and escrow company arranged for the sale proceeds of approximately $337,105 to be wired to Veronica Washington's bank account, which previously held a balance of approximately $195.

e. On or about December 16, 2013, Veronica Washington used the property sale proceeds to purchase a cashier's check made payable to the defendant DAVID T. JOHNSON in the amount of $170,688.

f. On or about December 16, 2013, the defendant DAVID T. JOHNSON deposited the $170,688 cashier's check into his bank account at Bank of America.

**(Conspiracy to Commit Bank Fraud, Wire Fraud, and**
**Monetary Transactions, in violation of**
**Title 18, United States Code, §§ 371, 1344(1) and (2), 1343, and 1957).**

## COUNT TWO

**(Bank Fraud)**

25. From in or about the summer of 2013, until on or about December 31, 2013, in the District of Columbia and elsewhere, the defendant, DAVID T. JOHNSON, devised and intended to devise and aided and abetted in a scheme to defraud a financial institution, that is, SunTrust Mortgage, a mortgage lending business that financed debt secured by an interest in real estate, whose activities affected interstate and foreign commerce, and a wholly-owned subsidiary of SunTrust Bank, whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain money owned by and under the custody and control of SunTrust Mortgage by means of materially false and fraudulent pretenses, representations, and promises.

7

**Manner and Means**

26. Paragraphs 1 through 16 and 18 through 24 of Count One of this indictment are hereby realleged and contain the description of the above-mentioned scheme.

27. From in or about the summer of 2013 and ending on or about December 31, 2013, in the District of Columbia and elsewhere, Veronica Washington and defendant DAVID T. JOHNSON executed and attempted to execute the scheme and artifice as set forth above, as more fully described in Paragraphs 1 through 16 and 18 through 24 of Count One of the indictment.

**(Bank Fraud, Aiding and Abetting and Causing an Act to be Done,
in violation of Title 18, United States Code, §§ 1344 and 2).**

**COUNT THREE**

**(Wire Fraud)**

28. From in or about the summer of 2013 until on or about December 31, 2013, within the District of Columbia and elsewhere, defendant DAVID T. JOHNSON devised and intended to devise and aided and abetted a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as more fully described below.

29. Paragraphs 1 through 16 and 18 through 24 of Count One of this indictment are hereby realleged and contain the description of the above-mentioned scheme.

30. On or about December 10, 2013, in the District of Columbia and elsewhere, the Defendant DAVID T. JOHNSON for the purpose of executing and attempting to execute and aiding and abetting the execution of the above-described scheme to defraud, did willfully cause to be transmitted by means of wire communication in interstate commerce from the District of Columbia to North Carolina certain writings, signals, and sounds, that is, wire transfer instructions directing the title and escrow company's bank to send the sales proceeds to the bank

account belonging to Veronica Washington.

**(Wire Fraud, in violation of
Title 18, United States Code, § 1343).**

## COUNT FOUR
**(Monetary Transaction)**

31. The Grand Jury re-alleges and incorporates by reference the allegations of paragraphs 1 through 16, and 18 through 24 of this Indictment as if fully set forth herein.

32. On or about December 16, 2013, in the District of Columbia and elsewhere, the defendant DAVID T. JOHNSON, did knowingly engage and attempt to engage in monetary transactions, by, through, and to a financial institution, and affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, and that was derived from a specified unlawful activity, that is, Bank Fraud, in violation of 18 U.S.C. § 1344, and Wire Fraud, in violation of 18 U.S.C. § 1343, that is, deposit of a cashier's check in the amount of $170,688 using funds withdrawn from Veronica Washington's bank account, having been funded four days earlier with the proceeds of the sale of 123 57th Street, SE.

**(Monetary Transactions, Aiding and Abetting and Causing an Act to Be Done,
in violation of Title 18, United States Code, §§  1957 and 2).**

## COUNT FIVE
**(False Statements)**

33. The Grand Jury re-alleges and incorporates by reference the allegations of paragraphs 1 through 16, and 18 through 24 of this Indictment as if fully set forth herein.

34. On or about April 30, 2015, in the District of Columbia and elsewhere, the defendant DAVID T. JOHNSON, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by submitting to his employer a Financial

Disclosure Form, filed with an agency of the United States government, in which he failed to disclose loans and gifts in excess of $10,000, from Veronica Washington, well knowing that the statement and representation was false because as the defendant DAVID T. JOHNSON then and there knew, he had received $170,688 from Veronica Washington, as a loan and gift.

**(False Statements, in violation of
Title 18, United States Code, § 1001(a)(2)).**

## COUNT SIX
**(Uttering a Forged Instrument)**

35. The Grand Jury re-alleges and incorporates by reference the allegations of paragraphs 1 through 16, and 18 through 24 of this Indictment as if fully set forth herein.

36. On or about October 2, 2013, within the District of Columbia, the defendant DAVID T. JOHNSON, with intent to defraud and injure another did deliver, transfer, published, transmit, used, and present to the District of Columbia's Recorder of Deeds, as true and genuine, a falsely made and altered written instrument that purported to be a certificate of interest in tangible property, a written instrument which may evidence, create, transfer, terminate, and affect a legal right, interest, and obligation, and having a value of in excess of $10,000, that is, forged Certificates of Satisfaction regarding the mortgage, and payoff of the mortgage, on 123 57th Street, SE, Washington, DC, knowing the Certificates of Satisfaction were falsely made, altered, forged, and signed.

**(Uttering, in violation of 22 District of Columbia Code,
Sections 3241(b) and 3242(a)).**

## FORFEITURE ALLEGATION

1.  Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States: a) any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of this offense, pursuant to 18 U.S.C. § 982(a)(2)(A); b) any

property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and c) any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The United States will also seek a forfeiture money judgment against the defendant equal to the value of this property.

2.   Upon conviction of the offense alleged in Count Two, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of this offense, pursuant to 18 U.S.C. § 982(a)(2)(A).  The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense.

3.   Upon conviction of the offense alleged in Count Three, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

4.   Upon conviction of the offense alleged in Count Four, the defendant shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, involved in this offense, or any property traceable to such property.

5.   The property subject to forfeiture includes, but is not limited to, $40,762.75 in funds seized from the Bank of America account ending in 6646 pursuant to the seizure warrant issued in case 16-mj-00309.

6.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property that cannot be divided without

difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Sections 982 (a)(1) and (a)(2)(A), Title 28 United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).

A TRUE BILL

FOREPERSON.

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA